**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Timothy W. Hill, derivatively on behalf of Nominal Defendant Juniper Networks, Inc.,<br><br>    Plaintiff,<br>  v.<br><br>Marcel Gani, et al.,<br><br>    Defendants,<br><br>  and<br><br>Juniper Networks, Inc.,<br><br>    Nominal Defendant.<br>_____/ | NO. C 06-03396 JW<br><br>Related Case Nos. C 06-03430 JW; C 06-03446 JW; C 06-03452 JW; C 06-03708 JW; C 06-04717 JW; C 06-04984 JW.<br><br>**ORDER CONSOLIDATING RELATED DERIVATIVE CASES AND APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL** |

**I. INTRODUCTION**

There are currently seven related shareholders' derivative actions (the "Related Derivative Cases") on behalf of nominal defendant Juniper Networks, Inc. ("Juniper") pending before this Court.[1] Presently before the Court are a number of motions to consolidate the Related Derivative Cases and to appoint lead plaintiff and lead counsel. Subsequent to the filing of these motions, the movants filed a stipulation indicating there was agreement on who should be appointed lead plaintiff

---

[1] The Related Derivative Cases are: Hill v. Gani, et al., 06-03396 JW (filed May 24, 2006); Shemtov v. Kriens, et al., 06-03430 JW (filed May 26, 2006); Rizzo v. Sindhu, et al., 06-03446 JW (filed May 26, 2006); Kaya v. Gani, et al., 06-03452 JW (filed May 26, 2006); Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Kriens, et al., 06-03708 JW (filed June 9, 2006); Indiana State District Council of Laborers and HOD Carriers Pension Fund v. Kriens, et al., 06-04717 JW (filed Aug. 3, 2006); and Buckley v. Kriens, et al., 06-04984 JW (filed Aug. 17, 2006).

and lead counsel. The Court held a hearing on October 16, 2006. Based on the papers filed to date and arguments of counsel at the hearing, the Court ORDERS (1) the Related Derivative Cases consolidated; (2) Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund, Indiana State District Council of Laborers and HOD Carriers Pension Fund, and Timothy W. Hill appointed Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway LLP appointed Lead Counsel.

## II. BACKGROUND

On May 24, 2006, Timothy W. Hill ("Hill") filed the first shareholders' derivative complaint on behalf of Juniper alleging executives illegally diverted millions of dollars to themselves through a stock option backdating scheme. Subsequent to Hill's filing, Rahmi Kaya ("Kaya"), Levi Shemtov ("Shemtov"), Frank Rizzo ("Rizzo"), the Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund (the "Teamsters Fund"), the Indiana State District Council of Laborers and HOD Carriers Pension Fund (the "Laborers Fund"), and Diane Buckley ("Buckley") filed similar actions on behalf of Juniper. The Court found that these derivative actions, in addition to two securities class action suits which also arose from stock option backdating at Juniper, were related within the meaning of Civil Local Rule 3-12(a). (See Related Case Order, Docket Item No. 47.)

On June 27, 2006, Hill filed a motion to consolidate the related derivative actions pending at the time and to appoint lead plaintiff and counsel. (See Docket Item No. 11.) On August 4, 2006, the Teamsters Fund and Laborers Fund collectively filed a motion to consolidate the related derivative actions pending at the time and to appoint lead plaintiffs and counsel. (See Docket Item No. 25.) On August 14, 2006, Shemtov also filed a motion to consolidate the related derivative actions pending at the time.[2] (See Docket Item No. 34.) On August 21, 2006, Kaya filed a motion in support of consolidation but in opposition to the previously filed motions to appoint lead plaintiff and counsel. (See Docket Item No. 36.)

---

[2] Shemtov also moved to appoint co-lead counsel, but this motion was later withdrawn. (See Docket Item No. 35.)

2

On August 31, 2006, all the plaintiffs in the Related Derivative Cases (the "Derivative Plaintiffs") filed a stipulation indicating they were in agreement that (1) the Related Derivative Cases should be consolidated; (2) the Teamsters Fund, the Laborers Fund, and Hill should be appointed Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach") and Schiffrin & Barroway LLP ("Schiffrin") should be appointed Lead Counsel. (See Docket Item No. 43.)

## III.  DISCUSSION

The Derivative Plaintiffs seek consolidation of the Related Derivative Cases and appointment of lead plaintiff and lead counsel. The Court must determine whether the cases should be consolidated before it considers the appointment of lead plaintiff and lead counsel.

### A.     Consolidation of the Related Derivative Cases

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

Here, the Derivative Plaintiffs move for consolidation of the seven currently-pending Related Derivative Cases. Having reviewed the complaints in these actions, the Court concludes they all involve virtually identical factual and legal issues, in particular whether the executives at Juniper breached their fiduciary duties when they backdated stock option grants. Additionally, the complaints involve substantially the same class period as the focus is on stock option grants that were made between 1999 and 2002. Since no party has identified any inconvenience, delay, or expense that would result from consolidation, the Court finds it appropriate to consolidate the Related Derivative Cases.

**B.      Appointment of Lead Plaintiffs**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

In their stipulation, the Derivative Plaintiffs state they agree that the Teamsters Fund, the Laborers Fund, and Hill should be appointed Lead Plaintiffs. These Plaintiffs have substantial financial stakes in this suit and thus should be more than capable of representing the interests of the corporation and its shareholder base. As the Court does not find any factors counsel against establishing the proposed leadership structure, the Teamsters Fund, the Laborers Fund, and Hill are appointed Lead Plaintiffs.

**C.      Appointment of Lead Counsel**

The Derivative Plaintiffs have also stipulated that Lerach and Schiffrin should be appointed Lead Counsel. Given these firms' experience with similar shareholder actions, the Court finds it appropriate to appoint Lerach and Schiffrin as Lead Counsel.

## V.  CONCLUSION

The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund, Indiana State District Council of Laborers and HOD Carriers Pension Fund, and Timothy W. Hill appointed Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway LLP appointed Lead Counsel.

4

The Clerk shall consolidate these actions. Case 06-03396-JW is the earlier filed action and therefore, shall be the lead case. All future filings shall be filed in 06-03396 and bear the caption: "In Re Juniper Derivative Actions."

Dated: October 19, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Arthur L. Shingler ashingler@scott-scott.com
Betsy C. Manifold manifold@whafh.com
Elizabeth C Guarnieri ecg@classcounsel.com
Eric L. Zagar ezagar@sbclasslaw.com
Gregory L. Watts gwatts@wsgr.com
Joni L. Ostler jostler@wsgr.com
Robert S. Green RSG@CLASSCOUNSEL.COM
Sean M. Handler ecf_filings@sbclasslaw.com
Travis E. Downs travisd@lerachlaw.com

**Dated:  October 19, 2006**              **Richard W. Wieking, Clerk**


**By:   /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California